UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH B. QUANSAH,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK, et al.,<br><br>Defendants. | Case No. 18-CV-06338-LHK<br><br>**ORDER GRANTING DEFENDANTS' FIVE MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 5, 7, 9, 11, 12 |

On October 16, 2018, Plaintiff Kenneth Quansah ("Plaintiff"), proceeding pro se, filed a complaint against Defendants Chase Bank, Walmart Grocery Store, Public Storage, Santa Clara Valley Transportation Authority ("VTA"), and Scratchers/California Lottery (collectively, "Defendants"). ECF No. 1 ("Compl."). Plaintiff's complaint asserts more than 30 separate claims against the Defendants. *Id.* at 4–8.

On November 14, 2018, Walmart filed a motion to dismiss Plaintiff's claims against Walmart. ECF No. 5. Plaintiff's deadline to oppose Walmart's motion to dismiss was November 28, 2018, pursuant to the Court's local rules. Civ. L.R. 7-3(a) (providing that an opposition to a motion "must be filed and served not more than 14 days after the motion was filed").

On November 15, 2018, VTA filed a motion to dismiss Plaintiff's claims against VTA.

1 ECF No. 7. Plaintiff's deadline to oppose VTA's motion to dismiss was November 29, 2018.

2 On November 27, 2018, Public Storage filed a motion to dismiss Plaintiff's claims against Public Storage. ECF No. 9. Plaintiff's deadline to oppose Public Storage's motion to dismiss was December 11, 2018.

On November 27, 2018, Scratchers/California Lottery filed a motion to dismiss Plaintiff's claims against Scratchers/California Lottery. ECF No. 11. Plaintiff's deadline to oppose Scratchers/California Lottery's motion to dismiss was December 11, 2018.

On November 28, 2018, Chase filed a motion to dismiss Plaintiff's claims against Chase. ECF No. 12. Plaintiff's deadline to oppose Chase's motion to dismiss was December 12, 2018.

Plaintiff has failed to respond to any of the five motions to dismiss. The Court observes that Plaintiff has previously filed at least 15 different cases in this district, and thus cannot claim ignorance of the Court's local rules. Moreover, on December 4, 2018, after Plaintiff had missed the deadlines to oppose Walmart's and VTA's motions to dismiss, VTA filed a notice informing the Court and the parties that Plaintiff had missed his deadline to oppose Walmart's and VTA's motions to dismiss under Civil Local Rule 7-3(a). ECF No. 13. At that point, Plaintiff still had time to timely oppose Public Storage's, Scratchers/California Lottery's, and Chase's motions to dismiss. Yet, even though VTA's notice explicitly informed Plaintiff of the requirements of Civil Local Rule 7-3(a), Plaintiff still failed to timely file—or file at all—oppositions to any of Defendants' five separate motions to dismiss.

Moreover, Plaintiff's Complaint appears on its face to fail to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must "state a claim to relief that is plausible on its face"). For example, Plaintiff appears to allege claims against Scratchers/California Lottery arising from Plaintiff's failure to win millions of dollars from two lottery tickets. Specifically, "Plaintiff claims in this scratchers game twenty dollars ($20.00) ticket could win twenty million . . . dollars. Plaintiff also claims thirty dollars ($30.00) ticket could win thirty million . . . dollars." *Id.* at 7. As a result, Plaintiff sues Scratchers/California Lottery for claims for violating his civil rights under 42 U.S.C. § 1983, his due process rights under the

2

Case No. 18-CV-06338-LHK
ORDER GRANTING DEFENDANTS' FIVE MOTIONS TO DISMISS WITH LEAVE TO AMEND

Fourteenth Amendment, and "unequal chance of winning." *Id.* at 6–7. For those claims, Plaintiff requests "general damages in the sum of fifty million dollars." *Id.* at 8. However, Plaintiff's complaint includes no allegations about any specific actions taken by Scratchers/California Lottery, other than that Plaintiff failed to win millions of dollars twice. Plaintiff's factual allegations do not "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, "[t]hreadbare recitals of the elements of a cause of action" are not sufficient to state a claim. *Id.* Here, Plaintiff's Complaint does not even recite the elements of causes of action, but instead alleges conclusorily that Defendants violated various laws and constitutional provisions.

Despite Plaintiff's failure to respond to any of the five separate motions to dismiss filed by Defendants, the Court will grant Plaintiff leave to amend his Complaint. The Court cannot conclude that "amendment would be futile," particularly given Plaintiff's pro se status. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2003) (en banc) ("[T]he rule favoring liberality in amendments is particularly important for the pro se litigant.") (internal quotation marks omitted).

Therefore, the Court hereby GRANTS the motions to dismiss filed by Walmart, VTA, Public Storage, Scratchers/California Lottery, and Chase with leave to amend. Plaintiff shall have 30 days from this date to file an amended complaint. If Plaintiff fails to file an amended complaint by that deadline, the Court will dismiss Plaintiff's lawsuit with prejudice for failure to prosecute. Plaintiff is further advised that his amended complaint must remedy the deficiencies identified in the Defendants' motions to dismiss and in this Order.

If Plaintiff files an amended complaint, and Defendants choose to move to dismiss Plaintiff's amended complaint, Defendants shall file one consolidated motion to dismiss. Defendants' consolidated motion to dismiss shall not exceed 30 pages. Plaintiff's opposition to the consolidated motion to dismiss shall not exceed 30 pages. Defendants' reply shall not exceed 20 pages.

**IT IS SO ORDERED.**

3

Case No. 18-CV-06338-LHK
ORDER GRANTING DEFENDANTS' FIVE MOTIONS TO DISMISS WITH LEAVE TO AMEND

Dated: December 14, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge